Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8754 | **DATE** | 12-13-11 |
| **CASE TITLE** | Fredrick Coe (#2011-0730167) vs. Mount Sinai Hospital, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the Chicago Police Department failed to protect him from an assailant, that a private hospital failed to provide proper medical attention after he was shot, that correctional officials at the Cook County Jail have subjected him to inhumane conditions of confinement, and that health care providers at the jail have acted with deliberate indifference to his serious medical needs.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his inmate trust account and no income in the months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk **(CONTINUED)**

mjm

## STATEMENT (continued)

of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the document on file contains misjoined claims against unrelated defendants. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiff is required to pursue separate lawsuits in connection with unrelated claims.

For the foregoing reasons, the plaintiff's complaint is dismissed, without prejudice. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

The plaintiff is granted thirty days from the date of this order to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.