# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8754 | **DATE** | 4-16-12 |
| **CASE TITLE** | Fredrick Coe (#2011-0730167) vs. Mount Sinai Hospital, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his second amended complaint. The clerk is directed to: (1) reopen the case; (2) file the second amended complaint; (3) terminate Cermak Health Services of Cook County as a defendant pursuant to 28 U.S.C. § 1915A; (4) add Sunita Williamson, Christopher Stadnicki, and Glenn Tlamnell as defendants; (4) issue summonses for service on the defendants by the U.S. Marshal; and (4) send counsel a magistrate judge consent form along with a copy of this order. The plaintiff's motion for appointment of counsel [#11] is granted. John Sheldon Letchinger / Edwards, Wildman & Palmer, LLP / 225 West Wacker Drive, Suite 3000 / Chicago, Illinois 60606-1229 / (312) 201-2000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has been denied needed care and treatment for a gunshot wound. The plaintiff has submitted a second amended complaint as directed. *See* Minute Order of February 17, 2012.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the second amended complaint states a colorable cause of action under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the second amended complaint.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, as the court previously advised the plaintiff, "Cermak Health Services of Cook County Jail" is not a proper defendant. Neither the jail itself nor jail divisions are suable entities. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Accordingly, Cermak Health Services is dismissed as a defendant.

The clerk is directed to reopen the case and to issue summonses for service of the second amended complaint on defendants Williamson, Stadnicki, and Tlamnell. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Finally, the plaintiff's motion for appointment of counsel is granted. Due to the serious nature of the plaintiff's allegations, along with his apparent lack of wherewithal to litigate this matter, the court hereby appoints John Sheldon Letchinger / Edwards, Wildman & Palmer, LLP / 225 West Wacker Drive, Suite 3000 / Chicago, Illinois 60606-1229 / (312) 201-2000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

FILED 2012 APR 16 PM 4:04 CLERK U.S. DISTRICT COURT